# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class BRICE A. MOORE**
**United States Army, Appellant**

ARMY 20150131

Headquarters, United States Army Maneuver Center of Excellence
Charles A. Kuhfahl Jr., Military Judge
Charles C. Poche, Staff Judge Advocate

For Appellant: Major Andres Vazquez, Jr., JA; Major Brian J. Sullivan, JA.

For Appellee: Major Daniel D. Derner, JA.

20 January 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

HAIGHT, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of sexual assault, two specifications of abusive sexual contact, and assault consummated by battery, in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 928 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge. The convening authority approved the adjudged sentence.

Appellant's case is before us for review under Article 66, UCMJ. This case was submitted on its merits. Appellant personally assigned five issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion but not relief.

## DISCUSSION

Appellant and AB, a 17-year old girl, had previously engaged in consensual sexual activity. However, the evidence in this fully contested case showed beyond a reasonable doubt that, on one occasion in January 2014, appellant committed a

sexual act, sexual contacts, and an assault consummated by a battery upon AB while he believed she was asleep. Although the evidence compellingly proved that appellant believed AB to be sleeping, she was, in fact, fully awake and only pretended to be asleep during appellant's criminal groping.

The government did not charge appellant under an attempt theory for the crime of committing a sexual act upon one the appellant knew or should have known to be asleep. *See United States v. Talkington*, 73 M.J. 212 (C.A.A.F. 2014) (appellant convicted of attempted sexual crimes when the "underlying facts were that Appellant touched the victim's breasts and penetrated her vagina while he believed that she was sleeping"). Nor was appellant charged with any offense requiring force. Instead, appellant was charged under a "bodily harm" or nonconsensual touching theory. As such, appellant now contends that his convictions are insufficient as the lack of consent or an absence of a mistake of fact as to consent were not proven. In support of his assertion, appellant points out that although AB was awake, she did not say "no," she did not stop or resist him, nor did she manifest her lack of consent.

We write simply to elucidate again that a victim's manifestation of nonconsent is not required to prove a lack of consent. Even in cases prosecuted under a prior version of Article 120, UCMJ, applicable in cases before 2007 and which did require proof of force and lack of consent, our superior court emphasized there was never an independent, affirmative duty on the part of a rape victim to resist or "manifest her lack of consent in some positive manner." *United States v. Watson*, 31 M.J. 49, 52 (C.M.A. 1990). In *Watson*, the Court of Military Appeals stated:

> It is bewildering, admittedly, how the military judge could seemingly have found such an independent, affirmative duty on the part of a rape victim. The explanation given in the Manual -- mere commentary at that -- in no way suggests such an independent duty. Obviously, where there is no manifestation of lack of consent, an inference *may* be drawn that the victim consented, or a reasonable inference *may* be raised that the accused was reasonably and honestly mistaken as to consent. But if there *is* no reasonable doubt of lack of consent and no reasonable doubt as to whether the accused was reasonably and honestly mistaken thereto, the lack-of-consent aspect of rape has been satisfied *just as it has with all the lesser-included offenses*.

*Id*. at 52-53. Our analysis of factual and legal sufficiency in this case is similar.

The government proved beyond a reasonable doubt that AB did not consent. The defense and appellant, who testified under oath at his court-martial, fully availed themselves of the mistake of fact as to consent defense. In fact, with respect to the sexual encounter in question, appellant conceded, "I put her hand in my pants and I moved her hand because she didn't do anything" but then further testified that he thought AB consented because "she gave me no reason to believe that she was not okay with it. I can't tell you what she thinks and what she doesn't think. I can give you that I thought she was alright with it." Despite appellant's assertion of his belief that AB consented, the military judge found appellant guilty, necessarily finding appellant's mistake of fact defense to be disproved beyond a reasonable doubt. The findings of guilty are correct in law and fact. *See* UCMJ art. 66(c).

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Judge PENLAND and Judge WOLFE concur.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court